**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ROBERT A. KOLWITZ; NANCY KOLWITZ, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> LINCOLN COUNTY, OREGON, a political subdivision of the State of Oregon, by and through the Lincoln County Sheriff's Office, <br><br> Defendant - Appellee. | No. 11-35593 <br><br> D.C. No. 6:10-cv-06002-TC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Ann Aiken, Chief Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Robert A. Kolwitz and Nancy Kolwitz appeal pro se from the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summary judgment in their 42 U.S.C. § 1983 action alleging federal constitutional violations and state law claims for defamation, false light, and intentional interference with economic relations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Luchtel v. Hagemann*, 623 F.3d 975, 978 (9th Cir. 2010), and we affirm.

The district court properly granted summary judgment on the Kolwitzes' § 1983 claim because the Kolwitzes failed to raise a genuine dispute of material fact as to whether the alleged federal constitutional violations resulted from an official custom, policy, or a failure to train. *See Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (discussing requirements for municipal liability under § 1983); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

The district court properly granted summary judgment on the state law claims because the Kolwitzes failed to raise a triable dispute as to required elements of each of the claims. *See Cafasso,* 637 F.3d at 1061; *see also Allen v. Hall,* 974 P.2d 199, 202 (Or. 1999) (elements of an intentional interference claim under Oregon law); *Reesman v. Highfill*, 965 P.2d 1030, 1034 (Or. 1998) (for a

statement to be actionable under Oregon law, the statement at issue must be both defamatory and false); *Muresan v. Phila. Romanian Pentecostal Church*, 962 P.2d 711, 716-17 (Or. Ct. App. 1998) (to state a claim for false light under Oregon law, the plaintiff must establish actual malice).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We do not consider any documents that are not part of the district court record. *See* Fed. R. App. P. 10(a); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

**AFFIRMED.**